```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X

Theodore King & Gary LaBarbara, et al.,

                    Plaintiffs,            CV-03-5134 (CPS)

        - against -                        MEMORANDUM OPINION
                                           AND ORDER
Tadco Construction Corp.,

        Defendant.

----------------------------------------X
```

SIFTON, Senior Judge.

Plaintiffs Theodore King and Gary LaBarbara, Trustees of the Local 282 International Brotherhood of Teamsters Welfare, Pension, Annuity, Job Training and Vacation/Sick Leave Trust Funds, filed the present action on October 9, 2003, naming Tadco Construction Corporation ("Tadco") as the defendant. The complaint sought recovery of $10,131.16 allegedly owed by Tadco to the Fund under a collective bargaining agreement and as required by the Employee Retirement Income Security Act, 29 U.S.C. §§ 1132 & 1145. On July 26, 2004, during a status conference with the magistrate, the plaintiffs agreed to discontinue the action.[1] Presently before the Court is Tadco's motion for attorney's fees pursuant to 29 U.S.C. § 1132(g)(1) and Federal Rule of Civil Procedure 54(d).

For the reasons that follow, the motion is denied.

---

[1] Plaintiffs have not filed a motion for voluntary dismissal.

Background

The following facts are drawn from the parties' submissions and the court file. They are undisputed except where noted.

The dispute between the plaintiffs and Tadco dates at least as far back as December 24, 2002, when the plaintiffs filed a complaint in a related case, *King & La Barbera v. Tadco*, 02-CV-6693 ["the first action"]. In that complaint, the plaintiffs sought recovery of $14,484.18 allegedly owed to the Union's pension fund as part of the collective bargaining agreement and pursuant to ERISA for the period of August 6, 2002, through November 22, 2002. On March 14, 2003, the Court granted the plaintiffs motion for a default judgment, and Tadco was ordered to submit contribution reports and payments in accordance with the terms of the Fund as long as the collective bargaining agreement was in effect. The plaintiffs notified the Court on April 28, 2003, that the judgment had been satisfied.

On October 9, 2003, plaintiffs filed the complaint in the present action seeking contributions owed to the Union's pension fund during the period of June 6, 2003, to October 7, 2003. Although the submissions from the parties are less than clear,[2] it appears that the dispute centered upon whether the defendant were required to make contributions to the Fund weekly or once every 45 days. Although neither party submits a copy of the

---

[2] Evaluation of the defendants' motion is substantially inhibited by the fact that defendants' exhibits are neither labeled nor in any other discernible order.

contribution agreement, they both agree that it required payment every 45 days unless one of two conditions were met: 1) the contractor had posted a bond; or 2) the contractor's records had been audited by a member of the General Contractors Association and the most recent audit does not show a "material discrepancy." During the months of October 2003 through February 2004, the parties exchanged several letters disputing the interpretation of the agreement.

On June 18, 2004, plaintiffs' attorney advised the Court that he would recommend to his clients that they discontinue the action. On June 25, 2004, plaintiff's counsel advised the Court that the plaintiffs had consented to discontinuance of the action, but had declined to reimburse Tadco for its legal fees incurred in defending the suit. Tadco subsequently filed this motion to recover $11,385 in attorneys' fees.[3]

## Discussion

29 U.S.C. § 1132(g)(1) provides that a court may award attorney's fees in its discretion to either party in any ERISA action by a participant, beneficiary, or fiduciary. In *Chambless v. Masters, Mates & Pilots Pension Plan*, 815 F.2d 869, 871 (2d Cir. 1987), the Second Circuit created a five-factor balancing test to evaluate a motion for attorney's fee brought pursuant to

---

[3] Tadco states that the actual fees incurred were $9,945, but that a 15% increase is sought due to plaintiffs' "bad faith and unyielding frivolous action as well as allegations of exorbitant liquidated damages owed in contravention of the intent of ERISA." No contemporaneous billing records or receipts have been submitted documenting these expenses.

§ 1132(g)(1). Those factors include: 1) the degree of culpability or bad faith; 2) the ability of the offending party to satisfy an award of attorney's fees; 3) whether a fee award would deter similar behavior; 4) the relative merits of the parties' positions; and 5) whether the action conferred a common benefit on a group of pension plan participants. "These factors are applicable regardless of which party seeks attorney's fees." *Salovaara v. Eckert*, 222 F.3d 19, 28 (2d Cir. 2000). But they "very frequently suggest that attorney's fees should not be charged against ERISA plaintiffs." *Id.* (quoting *West v. Greyhound Corp.*, 813 F.2d 951, 956 (9th Cir. 1987)); *see also Anita Founds., Inc. v. ILGWU Nat'l Ret. Fund*, 902 F.2d 185, 188-89 (2d Cir. 1990); *Marquardt v. N. Am. Car Corp.*, 652 F.2d 715, 720-21 (7th Cir. 1981); *Carpenters Southern California Administrative Corp. v. Russell*, 726 F.2d 1410, 1416 (9th Cir. 1984). A denial of fees to an ERISA defendant is "rarely an abuse of discretion." *Nichol v. Pullman Standard, Inc.*, 889 F.2d 115, 122 (7th Cir. 1989).

In this case, the first and fourth *Chambliss* factors are intertwined. Plaintiffs conceded that their case is without merit, and Tadco contends that the instant action was commenced in bad faith for two reasons. First, Tadco contends that this action involved the "exact same issue" as the litigation in the first round of litigation in case number 02-CV-6693. Second, Tadco argues that plaintiffs were aware that Tadco's records had been audited and did not show a "material discrepancy."

As for the first contention, although this action involved identical theories of recovery as the first action, it did not concern the same payments that were allegedly owed from August 6, 2002, through November 22, 2002. This action instead sought recovery of contributions from June 6, 2003, to October 7, 2003. Tadco has therefore not shown that the disposition of the first action barred plaintiffs from commencing the second action. Nor does plaintiffs' previous victory in a lawsuit against the defendant on a similar theory of recovery suggest bad faith in pursuing a separate claim based on independent transactions under the same legal theory.

Tadco's second theory has greater merit. Tadco has submitted a letter dated May 29, 2003, from the accounting firm Abrams, Herde and Merkel, purportedly sent to both Tadco and the plaintiffs. In that letter, accountant Barrie Abrams states that there were no discrepancies in Tadco's payroll records. Plaintiffs do not dispute that they received this letter, and they concede that the lack of discrepancies in Tadco's books renders their suit meritless. Tadco has therefore submitted evidence that plaintiffs were negligent in commencing this action. Mitigating against a finding of culpability or bad faith, however, is the fact that the plaintiffs have conceded that their claims are without merit, thereby preventing the defendant from incurring the expense of briefing a motion for summary judgment.

Neither party submits evidence or argument with regard to

the second *Chambliss* factor -- the plaintiffs' ability to pay an award of attorney's fees. Tadco merely states that this factor is "self-evident." Courts have differed on which party the burden of proving ability -- or inability -- to pay a fee award in an ERISA case lies. *Compare Tobin v. Gen. Elec. Co.*, 95-4003, 1996 WL 730551 (E.D. Pa. Dec. 11, 1996) (suggesting that the burden is on the non-moving party to show inability to pay) *with*, *Coram Healthcare Corp. v. CIGNA*, 236 F. Supp. 2d 312, 313-14 (S.D.N.Y. 2002) (suggesting that burden is on the moving party to show the adversary is able to pay). In either case, in the absence of evidence concerning the plaintiffs' ability to pay, the factor does not weigh *in favor* of an award.

The third *Chambliss* factor -- deterrence -- weighs strongly against an award of attorney's fees against ERISA fiduciaries. *See, e.g., Russell*, 726 F.2d at 1416; *Marquardt*, 652 F.2d at 720-21. Plaintiff-trustees, unlike employers or employees, will generally be deterred from vexatious litigation by the absence of personal gain from such suits.

Finally, the fifth *Chambliss* factor -- whether the defendant conferred a benefit on ERISA plan beneficiaries -- weighs against granting an award. It is undisputed that Tadco did not confer a benefit on ERISA plan beneficiaries. Although Tadco contends that this factor is irrelevant where an employer moves for attorney's fees, courts have occasionally held otherwise. *See, e.g., Marquardt*, 652 F.2d at 719. *But see Anita Found., Inc. v. ILGWU Nat'l Ret. Fund*, 902 F.2d 185, 191 (2d Cir. 1990)

(describing the benefit to the Fund beneficiaries as a "not wholly applicable" consideration where it is the employer seeking fees). In any event, defendants do not contend that this factor weighs in favor of granting the motion.

Although the factors to be considered do not tip uniformly in either party's favor, I conclude that Tadco has not met its burden of demonstrating its entitlement to attorneys fees. In particular, Tadco has conferred no benefit on plan beneficiaries, and an award of fees is not necessary in order to provide substantial deterrence to filing frivolous suits. Nor is their evidence that this suit was instituted as a result of anything more than a negligent failure to adequately investigate the claim.

## Conclusion

For the foregoing reasons, Tadco's motion for attorney's fees is denied.

The Clerk is directed to furnish a filed copy of the within to all parties and to the magistrate judge.

SO ORDERED.

Dated : Brooklyn, New York

May 26, 2005

By: /s/ Charles P. Sifton (electronically signed)
United States District Judge